BRYAN SCHRODER
United States Attorney

KYLE REARDON
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email: kyle.reardon@usdoj.gov

## IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) No. 3:18-cr-00029-RRB |
| | ) |
| Plaintiff, | ) |
| | ) **PLEA AGREEMENT** |
| v. | ) |
| | ) |
| HAYDEN BEARD, | ) |
| | ) |
| Defendant. | ) |
| | ) |

> **Unless the parties jointly inform the Court in writing of any additional agreements, this document in its entirety contains the terms of the plea agreement between the defendant and the United States. This agreement is limited to the District of Alaska; it does not bind other federal, state, or local prosecuting authorities.**

# I. SUMMARY OF AGREEMENT, FEDERAL RULE OF CRIMINAL PROCEDURE 11

## A. Summary of Agreement

The defendant agrees to plead guilty to the following count of the Indictment in this case: Count Two, charging Possession of Child Pornography, in violation of 18 U.S.C. § 2252(a)(4)(B) and (b)(2). The defendant agrees to argue for a sentence of consistent with this agreement. The United States agrees to dismiss Count 1 following sentencing, and not to prosecute the defendant further for any other offense related to the events that resulted in the charges contained in the Indictment filed on February 21, 2018. After the Court accepts the plea agreement and imposes the sentence, the United States agrees to dismiss the remaining count in the Indictment.

The defendant will waive all rights to appeal the conviction and sentence imposed under this agreement. The defendant will also waive all rights to collaterally attack the conviction and sentence, except on the grounds of ineffective assistance of counsel or the voluntariness of the plea.

## B. Federal Rule of Criminal Procedure 11

Unless the parties otherwise inform the Court in writing, Federal Rule of Criminal Procedure 11(c)(1)(A) and (B) will control this plea agreement. Thus, the defendant may not withdraw from this agreement or the guilty plea if the Court rejects the parties' sentencing recommendations at the sentencing hearing.

## II. CHARGES, ELEMENTS, FACTUAL BASIS, STATUTORY PENALTIES AND OTHER MATTERS AFFECTING SENTENCE

### A. Charge

#### 1. The defendant agrees to plead guilty to the following count of the Indictment:

Count Two: Possession of Child Pornography, a violation of 18 U.S.C. § 2252(a)(2).

### B. Elements

The elements of the charge to which the defendant is pleading guilty are as follows:

1. The defendant knowingly possessed one or more visual depictions of a minor engaged in sexually explicit conduct;

2. That the production of each of the visual depictions involved the use of a minor engaging in sexually explicit conduct and each of the visual depictions was of such conduct;

3. The defendant knew that the visual depictions involved the use of a minor engaging in sexually explicit conduct; and

4. The visual depictions had been shipped or transported using any means or facility of interstate or foreign commerce.

"Minor" means any person under the age of eighteen years. See 18 U.S.C. § 2256(1).

Plea Agreement
United States v. Beard
3:18-cr-00029-RRB

"Sexually explicit conduct" means actual or simulated:

1. Sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex;

2. Bestiality;

3. Masturbation;

4. Sadistic or masochistic abuse; or

5. Lascivious exhibition of the genitals or pubic area of any person. See 18 U.S.C. § 2256(2)(A).

The defendant fully understands the nature and elements of the crimes charged in the Indictment to which he is pleading guilty, together with the possible defenses thereto, and has discussed them with his attorney.

## C. Factual Basis

The defendant admits the truth of the allegations in Count Two of the Indictment and the truth of the following statement, and the parties stipulate that the Court may rely upon this statement to support the factual basis for the guilty plea and for the imposition of the sentence:

### Crime Stoppers Tip about "Hayden B"

In December 2017, an FBI Task Force Officer ("TFO") received an anonymous Crime Stoppers tip. The individual (hereinafter "Individual A") stated that he had recently met another individual named "Hayden B." "Hayden B" was later

determined to be the defendant. Individual A stated that the defendant had shown Individual A images of minors engaged in sexually explicit conduct (child pornography) that were stored on the defendant's Dell Inspiron laptop computer. Among the images shown to Individual A by the defendant was a child pornography video of a young boy whom Individual A believed to be approximately six years of age.

### St. Louis Area Information about the Defendant

On January 15, 2018, the TFO was contacted by a detective from the Bellville Police Department in Bellville, Illinois. The detective had recently arrested an individual (hereinafter "Individual B") for possession and distribution of child pornography. Individual B had confessed to the possession and distribution of child pornography as well as using methamphetamine. During the investigation, the detective had served a search warrant on Individual B's residence and seized Individual B's cell phone. The detective performed a forensic exam on the cell phone. The exam showed that Individual B utilized a social networking application (hereinafter "App A") to communicate with other individuals.

During the forensic examination of Individuals B's cell phone, law enforcement located messages between Individual B and an individual with the username "haydenbtum" that occurred between December 13, 2016 and December 16, 2016. "haydenbtum" was later identified as the defendant. The defendant and

Individual B engaged in numerous conversations using "App A" regarding their desire to have sex with young boys and girls between the ages of three and five. The defendant also knowingly distributed to Individual B images of child pornography. In many cases, the defendant sent the images and provided graphic details of sexual acts that he wanted to perform on the children shown in the images. One images showed an adult male performing oral sex on a pre-pubescent female between three to five years of age. The defendant also sent Individual B an image that depicted a pre-pubescent female between the ages of three and five being vaginally penetrated by the penis of an adult male.

Search of the Defendant's Residence

On January 19, 2018, the FBI executed a search warrant at the defendant's residence. Located during this search were the defendant's Apple iPhone, model number A1662, serial number C39RWFLCH2XT, and his Dell Inspiron laptop. Both of these devices were manufactured outside the State of Alaska. Both devices contained images and videos of child pornography. The defendant was aware that there devices contained child pornography because he downloaded the child pornography to the devices and stored them there. He also viewed some of the images, as well as sent some of the images and videos to others through App A. Located on the devices were more than 600 images and videos of child pornography. Among the images of child pornography possessed by the defendant were files

showing infants, as well as images showing prepubescent children being anally and vaginally penetrated by adult males.

## D. Statutory Penalties and Other Sentencing Matters

### 1. Statutory Penalties

The maximum statutory penalties applicable to each of the charge to which the defendant is pleading guilty, based on the facts to which the defendant will admit in support of the guilty plea, are as follows:

Count Two: Possession of Child Pornography

1) up to 20 years imprisonment;

2) a maximum fine of $250,000;

3) a $5,000 special assessment[1]; and

4) five years (mandatory minimum) to life of supervised release.

### 2. Violations of Supervised Release

The defendant understands that if he violates a condition of supervised release at any time during the term of supervised release, the Court may revoke the term of supervised release and require the defendant to serve no less than two additional years of imprisonment. The defendant also understands that if he commits any felony offense under Chapter 109A, 110, or 117, or section 1201 or

---

[1] See 18 U.S.C. § 3014(a). This special assessment is in addition to the $100 special assessment at 18 U.S.C. § 3013. It is applicable to all defendants who are "non-indigent." Indigent defendants are subject to only the $100 special assessment.

1591 of the United States Code, the Court shall revoke the term of supervised release and require the defendant to serve a term of no less than five years imprisonment under 18 U.S.C. § 3583(e)(3) and (k) without regard to the exceptions contained therein.

### 3.    Other Matters Affecting Sentence

#### a.    Conditions affecting the defendant's sentence

The following conditions may also apply and affect the defendant's sentence: 1) pursuant to Comment 7 of U.S.S.G. § 5E1.2, the Court may impose an additional fine to pay the costs to the government of any imprisonment and supervised release term; 2) pursuant to 18 U.S.C.§ 3612(f), unless otherwise ordered, if the Court imposes a fine of more than $2,500, interest will be charged on the balance not paid within 15 days after the judgment date; 3) upon violating any condition of supervised release, a further term of imprisonment equal to the period of the supervised release may be imposed, with no credit for the time already spent on supervised release; 4) the Court may order the defendant to pay restitution pursuant to the 18 U.S.C. § 3663 and U.S.S.G. § 5E1.1, and if 18 U.S.C. § 3663A (mandatory restitution for certain crimes) applies, the Court shall order the defendant to pay restitution.

//

//

### b.    Payment of Special Assessment

The defendant agrees to pay the entire special assessment in this case on the day the Court imposes the sentence, or as soon as practicable thereafter. All payments will be by check or money order, and are to be delivered to the Clerk of Court, United States District Court, 222 W. 7th Ave. Box 4, Rm. 229, Anchorage, AK 99513-7564.

### c.    Consequences of Felony Conviction

Any person convicted of a federal felony offense may lose or be denied federal benefits including any grants, loans, licenses, food stamps, welfare or other forms of public assistance, as well as the right to own or possess any firearms, the right to vote, the right to hold public office, and the right to sit on a jury. If applicable, any defendant who is not a United States citizen may be subject to deportation from the United States following conviction for a criminal offense and will not be permitted to return unless the defendant specifically receives the prior approval of the United States Attorney General.

### E.    Restitution

The parties have no agreement on restitution. However, the defendant agrees that his conduct is governed by the Mandatory Restitution Act pursuant to 18 U.S.C. § 3663A(c)(1)(A)(ii) and agrees to pay the full amount of restitution to all victims affected by this offense, including, but not limited to, the victims covered in

the factual basis, victims covered in those counts to be dismissed as part of the plea agreement pursuant to 18 U.S.C. § 3663A(a)(3), and other victims as a result of the defendant's conduct for the offenses charged in the Indictment. The amount of restitution for each victim will be no greater than $50,000 dollars, unless specific claims for greater amounts are made by any identified victims in this case.

### F.    Forfeiture

The defendant admits the forfeiture allegation of the Indictment in its entirety, including any substitute asset and money judgment provisions, and that the defendant's interest, if any, in the following property is subject to forfeiture to the United States:

1.    an Apple iPhone, model number A1662, serial number C39RWFLCH2XT; and

2.    a Dell Inspiron laptop computer seized from Hayden Beard on January 19, 2018.

The defendant hereby warrants that the defendant is the sole and exclusive owner of the above-described property, and that there are no claims to, or liens or encumbrances on the above-described property.

The defendant agrees not to file a claim or withdraw any claim already filed to any of the above referenced property in any forfeiture proceeding, administrative or judicial, which has been or may be initiated by the United States. This

agreement does not affect or limit the government's ability to initiate or complete any administrative or civil forfeiture action. It does not affect any forfeiture action already completed.

The defendant further waives the right to notice of any forfeiture proceeding involving this property, agrees not to assist others in filing a claim to said property in any forfeiture proceeding, and will take all steps as requested by the United States to pass clear title to the above referenced property to the United States.

### G.    Sex Registration/DNA Testing:

Defendant understands that by pleading guilty, defendant will be required to register as a sex offender upon his release from prison as a condition of supervised release pursuant to 18 U.S.C. § 3583(d). Defendant also understands that independent of supervised release, he will be subject to federal and state sex offender registration requirements, and that those requirements may apply throughout his life. The defendant understands that he shall keep his registration current, shall notify the state sex offender registration agency or agencies of any changes to defendant's name, place of residence, employment, or student status, or other relevant information. Defendant shall comply with requirements to periodically verify in person his sex offender registration information. Defendant understands that he will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements. Defendant further

Plea Agreement
United States v. Beard
3:18-cr-00029-RRB

understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon his release from confinement following conviction. As a condition of supervised release, defendant shall initially register with the state sex offender registration in Alaska, and shall also register with the state sex offender registration agency in any state where defendant resides, is employed, works, or is a student, as directed by the Probation Officer. The defendant shall comply with all requirements of federal and state sex offender registration laws, including the requirement to update his registration information. Defendant shall provide proof of registration to the Probation Officer within 72 hours of release from imprisonment.

## III. ADVISORY UNITED STATES SENTENCING GUIDELINES, GUIDELINE APPLICATION AGREEMENTS, SENTENCING RECOMMENDATIONS

### A. Advisory United States Sentencing Guidelines

The Court must consult the advisory United States Sentencing Commission Guidelines [U.S.S.G.] as well as the factors set forth in 18 U.S.C. § 3553(a) when considering the sentence to impose. The U.S.S.G. do not establish the statutory maximum or minimum sentence applicable to the offense to which the defendant is pleading guilty. The U.S.S.G. are not mandatory and the Court is not bound to impose a sentence recommended by the U.S.S.G.

//

## B.  Guideline Application Agreements

The parties have no agreements on any guideline applications unless set forth below in this section.

### 1.  Acceptance of Responsibility

If the United States concludes that the defendant has satisfied the criteria set out in U.S.S.G. § 3E1.1 and the applicable application notes, the United States agrees to recommend the defendant for a two level downward adjustment for acceptance of responsibility and, if U.S.S.G. § 3E1.1(b) applies, to move for the additional one level adjustment for acceptance of responsibility. If, at any time prior to imposition of the sentence, the United States concludes that the defendant has failed to fully satisfy the criteria set out in U.S.S.G. § 3E1.1, or has acted in a manner inconsistent with acceptance of responsibility, the United States will not make or, if already made, will withdraw this recommendation and motion.

### C.  Sentencing Recommendations

The United States Probation Office will prepare the defendant's pre-sentence report in which it will include a recommended calculation of the defendant's sentence range under the U.S.S.G. Both the United States and the defendant will have the opportunity to argue in support of or in opposition to the guideline sentence range calculation the U.S.P.O. recommends, as well as present evidence in support of their respective sentencing arguments.

Plea Agreement
United States v. Beard
3:18-cr-00029-RRB

The parties are free to recommend to the Court their respective positions on the appropriate sentence to be imposed in this case based on the stipulated facts set forth in Section II.C, any additional facts established at the imposition of sentence hearing, the applicable statutory penalty sections, the advisory U.S.S.G., and the sentencing factors set forth in 18 U.S.C. § 3553. The defendant agrees to seek a sentence consistent with this agreement.

## IV. ADDITIONAL AGREEMENTS BY UNITED STATES

In exchange for the defendant's guilty plea and the Court's acceptance of the defendant's plea and the terms of this agreement, the United States agrees that it will dismiss Count 1 following imposition of sentence, and will not prosecute the defendant further for any other offense – now known – arising out of the subject of the investigation related to the charges brought in the Indictment in this case and the defendant's admissions set forth in Section II.C.

Provided, however, if the defendant's guilty plea or sentence are rejected, withdrawn, vacated, reversed, set aside, or modified, at any time, in any proceeding, for any reason, the United States will be free to prosecute the defendant on all charges arising out of the investigation of this case including any charges dismissed pursuant to the terms of this agreement, which charges will be automatically reinstated as well as for perjury and false statements. The defendant hereby agrees that he waives any defense that the statute of limitations bars the prosecution of

Plea Agreement
United States v. Beard
3:18-cr-00029-RRB

such a reinstated charge. After the Court accepts the plea agreement and after sentencing, the United States will dismiss the remaining count of the Indictment.

## V. WAIVER OF TRIAL RIGHTS, APPELLATE RIGHTS, COLLATERAL ATTACK RIGHTS, CLAIM FOR ATTORNEY FEES AND COSTS, AND RULE 410

### A. Trial Rights

Being aware of the following, the defendant waives these trial rights:

- If pleading to an Information, the right to have the charges presented to the grand jury prior to entering the guilty plea;

- The right to a speedy and public trial by jury on the factual issues establishing guilt or any fact affecting the mandatory minimum and statutory penalties, and any issue affecting any interest in any assets subject to forfeiture;

- The right to object to the composition of the grand or trial jury;

- The right to plead not guilty or to persist in that plea if it has already been made;

- The right to be presumed innocent and not to suffer any criminal penalty unless and until the defendant's guilt is established beyond a reasonable doubt;

- The right to be represented by counsel at trial and if necessary to have a counsel appointed at public expense to represent the

defendant at trial – the defendant is not waiving the right to have counsel continue to represent the defendant during the sentencing phase of this case;

- The right to confront and cross examine witnesses against the defendant, and the right to subpoena witnesses to appear in the defendant's behalf;

- The right to remain silent at trial, with such silence not to be used against the defendant, and the right to testify in the defendant's own behalf; and

- The right to contest the validity of any searches conducted on the defendant's property or person.

## B. Appellate Rights

The defendant waives the right to appeal the conviction resulting from the entry of a guilty plea to the charge set forth in this agreement. The defendant further agrees that if the Court imposes a sentence that does not exceed the statutory maximum penalties – as set forth in Section II.D above in this agreement, the defendant waives without exception the right to appeal on all grounds contained in 18 U.S.C. § 3742 the sentence the Court imposes – including forfeiture (if applicable) or terms or conditions of probation (if applicable) or supervised release, any fines or restitution.

Plea Agreement
United States v. Beard
3:18-cr-00029-RRB

By waiving these rights, the defendant understands that the conviction and sentence the Court imposes will be final. No other court will conduct appellate review of the conviction or the sentence.

The defendant agrees that the appellate and collateral attack waivers contained within this agreement will apply to any 18 U.S.C. § 3582(c) modifications, as well as the district court's decision to deny any such modification.

Should the defendant file a notice of appeal in violation in this agreement, it will constitute a material breach of the agreement. The government is free to reinstate any dismissed charges, and withdraw any motions for downward departures, or sentences below the mandatory minimum made pursuant to 18 U.S.C. § 3553(e).

## C. Collateral Attack Rights

The defendant agrees to waive all rights to collaterally attack the resulting conviction and/or sentence – including forfeiture (if applicable) or terms or conditions of probation (if applicable) or supervised release, and any fines or restitution – the Court imposes. The only exceptions to this collateral attack waiver are as follows: 1) any challenge to the conviction or sentence alleging ineffective assistance of counsel – based on information not now known to the defendant and which, in the exercise of reasonable diligence, could not be known by the defendant

at the time the Court imposes sentence; and 2) a challenge to the voluntariness of
the defendant's guilty plea.

### D.    Claim for Attorney Fees and Costs

Because this is a negotiated resolution of the case, the parties waive any
claim for the award of attorney fees and costs from the other party.

### E.    Evidence Rule 410 and Fed. R. Crim. P. 11(f)

By signing this agreement, the defendant admits the truth of the facts in the
Factual Basis portion of this agreement set forth in Section II C. The defendant
agrees that the statements made by him in signing this agreement shall be deemed
usable and admissible against the defendant as stipulations in any hearing, trial or
sentencing that may follow, even if the defendant fails to enter a guilty plea
pursuant to this agreement. The foregoing provision acts as a modification, and
express waiver, of Federal Rule of Evidence 410 and Federal Rule of Criminal
Procedure 11(f).

## VI.    ADEQUACY OF THE AGREEMENT

Pursuant to Local Criminal Rule 11.2 (d)(7) and (8), this plea agreement is
appropriate in that it conforms with the sentencing goals that would otherwise be
applicable to the defendant's case if the defendant had gone to trial and had been
convicted on all counts in the charging instrument.

## VII. THE DEFENDANT'S ACCEPTANCE OF THE TERMS OF THIS PLEA AGREEMENT

I, HAYDEN BEARD, the defendant, affirm this document contains all of the agreements made between me – with the assistance of my attorney – and the United States regarding my plea. There are no other promises, assurances, or agreements the United States has made or entered into with me that have affected my decision to enter any plea of guilty or to enter into this agreement. If there are any additional promises, assurances, or agreements, United States and I will jointly inform the Court in writing before I enter my guilty plea.

I understand that no one, including my attorney, can guarantee the outcome of my case or what sentence the Court may impose if I plead guilty. If anyone, including my attorney, has done or said anything other than what is contained in this agreement, I will inform the Court when I stand before it to enter my plea.

I enter into this agreement understanding and agreeing that the conditions set forth herein are obligatory and material to this agreement and that any failure on my part to fulfill these obligations will constitute a material breach of this agreement. If I breach this agreement, I agree the United States, in its sole discretion, may withdraw from this agreement and may reinstate prosecution against me on any charges arising out of the investigation in this matter. If my compliance with the terms of this plea agreement becomes an issue, at an appropriate hearing, during which I agree any of my disclosures will be admissible,

Plea Agreement
United States v. Beard
3:18-cr-00029-RRB

the Court will determine whether or not I have violated the terms of this agreement. I understand the government's burden to prove a breach will be by a preponderance of the evidence.

I understand the Court will ask me under an oath to answer questions about the offense to which I am pleading guilty and my understanding of this plea agreement. I understand that I may be prosecuted if I make false statements or give false answers and may suffer other consequences set forth in this agreement.

I have read this plea agreement carefully and understand it thoroughly. I know of no reason why the Court should find me incompetent to enter into this agreement or to enter my plea. I enter into this agreement knowingly and voluntarily. I understand that anything that I discuss with my attorney is privileged and confidential, and cannot be revealed without my permission. Knowing this, I agree that this document will be filed with the Court.

I am fully satisfied with the representation given me by my attorney and am prepared to repeat this statement at the time I stand before the Court and enter my guilty plea. My attorney and I have discussed all possible defenses to the charges to which I am pleading guilty. My attorney has investigated my case and followed up on any information and issues I have raised to my satisfaction. My attorney has taken the time to fully explain the legal and factual issues involved in my case to

my satisfaction. We have discussed the statutes applicable to my offense and sentence as well as the possible effect the U.S.S.G. may have on my sentence.

Based on my complete understanding of this plea agreement, I therefore admit that I am guilty of Count Two of the Indictment, Possession of Child Pornography, in violation of 18 U.S.C. § 2252(a)(4)(B) and (b)(2).

DATED: 7/24/18

HAYDEN BEARD
Defendant

As counsel for the defendant, I have conveyed all formal plea offers. I have discussed the terms of this plea agreement with the defendant, have fully explained the charge to which the defendant is pleading guilty, the necessary elements thereto, all possible defenses, and the consequences of a guilty plea to a felony. Based on these discussions, I have no reason to doubt that the defendant is knowingly and voluntarily entering into this agreement and entering a plea of guilty. I know of no reason to question the defendant's competence to make these decisions. If, prior to the imposition of sentence, I become aware of any reason to question the defendant's competency to enter into this plea agreement or to enter a plea of guilty, I will immediately inform the court.

DATED: 24 JULY 2018

MATTHEW SCOBLE
Attorney for Hayden Beard

Plea Agreement
United States v. Beard
3:18-cr-00029-RRB

On behalf of the United States, the following accepts the defendant's offer to plead guilty under the terms of this plea agreement.

DATED:  7/25/11

BRYAN SCHRODER
United States of America
United States Attorney

Plea Agreement
United States v. Beard
3:18-cr-00029-RRB