BRYAN SCHRODER
United States Attorney

KYLE REARDON
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email: kyle.reardon@usdoj.gov

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) Case No. 3:18-cr-00029-RRB |
| Plaintiff, | ) |
| v. | ) |
| HAYDEN BEARD, | ) |
| Defendant. | ) |

**UNITED STATES' NOTICE REGARDING RESTITUTION AGREEMENT**

The United States, by and through undersigned counsel, hereby gives notice that the United States and the defendant have reached an agreement regarding restitution and other financial matters in this case. The parties ask the Court to enter an Amended Judgment ordering restitution in the amount of $3,000 each to Victim A, Victim B, Victim C, Victim D, and Victim E, interest waived, to be payable at an amount of no less than $25 per month or 5% of the defendant's gross monthly income, which will terminate

upon payment of full restitution to Victims A, B, C, D, and E.

## I. INTRODUCTION

### A. Procedural History

The parties appeared for Imposition of Sentence (IOS) on April 17, 2019. Dkt. 68. At that time, the Court deferred the issue of restitution at the parties' request, and set a restitution hearing for July 2, 2019. *Id.* The parties have met and conferred. In addition, counsel for the affected victims in this case have been consulted.

### B. Payment of Restitution

#### 1. *Restitution to Victims A, B, C, D, and E*

Crime victims have a right to receive "full and timely restitution as provided by law." 18 U.S.C. § 3771(a)(6). Pursuant to 18 U.S.C. § 2259, a defendant "shall" pay the "full amount of [a] victim's losses." *See Paroline v. United States,* 575 U.S. 434 (2014). In calculating the amount of restitution to be imposed upon a defendant, the Court must "disaggregate" losses caused by the original abuse from those caused the defendant's receipt, distribution, or possession. *See United States v. Galan*, 804 F.3d 1287, 1291 (9th Cir. 2015).

Pursuant to the requirements of *Paroline* and *Galan*, and with the concurrence of the victims identified below, it is therefore agreed the defendant shall pay restitution in the following amounts:

//

//

| Victim | Original Restitution Request | Stipulated Amount of Restitution |
|---|---|---|
| Victim A | $3,000 | $3,000 |
| Victim B | $58,415 | $3,000 |
| Victim C | $5,000 | $3,000 |
| Victim D | $5,000 | $3,000 |
| Victim E | $18,136.40 | $3,000 |

The United States will file under seal a notice providing the name and appropriate contact information for each of the above-identified victims to whom restitution payments can be made.

The parties also stipulate while the defendant is incarcerated, payment of the above-restitution awards shall be at the rate of 50% of the defendant's earnings. Following the defendant's release from imprisonment, payments shall be made monthly, at an amount of no less than $25 per month or 5% of the defendant's gross monthly income, whichever is greater.

This provision is consistent with the statutes governing restitution in child exploitation cases. Restitution under 18 U.S.C. § 2259 is made generally pursuant to the provisions of 18 U.S.C. § 3664. The statute contains no requirement for a minimum payment, and provides the Court with significant discretion in how to award restitution. *See* 18 U.S.C. § 3664(f)(3)(A) (permitting payments in lump sum, partial, in-kind, or a

combination); *see also* 18 U.S.C. § 3664(f)(3)(B) (permitting "nominal" payments where "economic circumstances of the defendant do not allow for any amount of restitution order").

The parties stipulate that interest in the above restitution awards should be waived. Waiver of interest is permissible under 18 U.S.C. § 3612(f)(3)(A) "if the Court determines that the defendant does not have the ability to pay interest under this subsection[.]" As detailed in the Presentence Report (Doc. 50), the defendant has limited financial resources. Given the likelihood restitution will take a significant period of time, and the burden that may be imposed by accruing interest, the parties stipulate the defendant does not have the ability to pay interest under 18 U.S.C. § 3612(f)(3)(A).

The parties also stipulate upon payment of the full amount of Victims A, B, C, D, and E's losses, as documented in their restitution requests, the defendant's restitution obligation shall be deemed fulfilled. The current version of 18 U.S.C. § 2259 specifically states restitution "shall not exceed the full amount of the victim's demonstrated losses." 18 U.S.C. § 2259(b)(2)(C). Payment of any amounts remaining on the defendant's restitution obligation after Victims A, B, C, D, and E have been made whole through the defendant's and other's restitution payments would violate this provision of the law. The current version of 18 U.S.C. 2259 came into effect after the defendant's conviction in this case. However, even under the prior version of the law, this result would necessarily hold true. Under prior versions of the restitution statute, defendants could be held joint and severally liable only for the "full amount of the victim's losses." There was no provision for any award beyond those losses. Moreover, this conclusion that restitution is

only to make the victim whole also draws support at 18 U.S.C. § 3664(j)(2) which reduces a victim's criminal award by any amounts recovered civilly for the same loss.

    2.    *Order of Payment*

The parties stipulate payments shall be made in the following order:

    (1)    $100 special assessment, and

    (2)    Restitution principle

The defendant understands that consistent with 18 U.S.C. § 3614, failure to make payment as detailed above may be a violation of the terms of his supervised release and may subject him to additional sanctions, to include imprisonment. In no event shall the defendant be incarcerated solely on the basis of an inability to make payments because he is indigent. *See* 18 U.S.C. § 3614(c).

//

//

//

//

//

//

//

//

//

//

U.S. v. Beard
3:18-cr-00029-RRB                    Page 5 of 6

## II. CONCLUSION

For the foregoing reasons, the parties request the Court amend the judgment at Doc. 68 and order restitution in the amounts and methods described herein.

RESPECTFULLY SUBMITTED August 8, 2019, in Anchorage, Alaska.

BRYAN SCHRODER
United States Attorney

*s/ Kyle Reardon*
KYLE REARDON
Assistant U.S. Attorney

**CERTIFICATE OF SERVICE**
I hereby certify that on August 8, 2019,
a true and correct copy of the foregoing was
served electronically on the following:

Gretchen Staft, Assistant Federal Defender

*s/ Kyle Reardon*
Office of the U.S. Attorney